[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#101)
After hearing held on defendant's motion to strike the second count of the plaintiff's complaint, it is hereby Ordered: granted, for the following reasons:
Sec. 42-110b(a) of our General Statutes (CUTPA, so-called) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The complaint contains no allegations which would support a claim that the defendant was engaged in any method, act, or practice in the conduct of any trade or commerce, as those terms are statutorily defined. Sec.42-110a(4), Conn. Gen. Stat. Moreover, such statute "does not reach alleged wrongs asserted by a stockholder against a corporation in the internal governance of the corporation." Riseman v. Orion Research, Inc., 475 N.E.2d 399, 400 (Mass. 1985); see also Dunbar v. S.O.M.B., Inc., 2 CSCR 901 (1987). In the present context, it is the court's conclusion that CUTPA is inapplicable to the internal business affairs of the defendant-corporation. Cf. Carta v. Liva, 9 Conn. L. Rptr. 439, 440-41 (1993).
GAFFNEY, J.